[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: CHILD SUPPORT
At the time of the dissolution of the marriage between the plaintiff and the defendant in May 1991, custody of the minor child, Lisa, born January 24, 1978, was awarded to the defendant father.
Subsequently, in April 1993, the minor child, then aged 15 years, left the father's home and moved in with the plaintiff, her mother.
The plaintiff mother filed a timely Motion to Modify the Judgment dated April 26, 1993, filed May 3, 1993, and assigned for a hearing on June 4, 1993. The motion requested:
 (1) that the court enter an order of support with respect to the minor child; and
 (2) that the transfer of real estate to the defendant be modified.
The parties appeared in court on June 4, 1993 and entered into an agreement which provided, inter alia, that
 "(1) Custody of minor child is awarded to the plaintiff mother pending a Family Relations Office mediation and/or evaluation if necessary.
(2) Any order with respect to child support shall be CT Page 3371 retroactive to the date of filing of the Motion for Modification (i.e., May 3, 1993);
 (3) All other matters to go off without prejudice to either party.
The remaining matters in the agreement are not pertinent to this decision.
Family Relations filed its report in August 1993 recommending custody to the plaintiff mother as the defendant had withdrawn his claim for custody.
On January 13, 1994, the defendant filed a motion requesting an order that:
 (1) there is no standing order of support for the minor child; and
 (2) there is no arrearage in support due the plaintiff from the defendant.
No action appears to have been taken on this motion.
Thereafter, there appears to be no court action taken by any party on any motion until January 19, 1996 when the parties appeared and scheduling orders were entered.
The court previously ruled in February 1996 that the property division made pursuant to the decree of dissolution is non-modifiable. The order assigning/transferring the ownership interest in the real estate to the defendant was unambiguous. The Connecticut cases are too numerous to cite concerning this proposition.
On April 3, 1996 and April 8, 1996, the parties and their witness were heard at length with respect to the order of support. The parties previously agreed that any order of child support would be retroactive to May 3, 1993. The minor child turned 18 years of age on January 24, 1996.
The evidence presented indicated that the father did not contribute towards the minor's support from May 3, 1993 to January 24, 1996. He did give the minor $50 at Christmas time 1993. CT Page 3372
The defendant knew the whereabouts of the minor child shortly after she vacated his home.
There has been no communication between the father and his daughter during this time.
The defendant has raised the defense of estoppel and laches.
The plaintiff never withdrew her request for child support which was pending for almost three years. The defendant was aware of this claim and made no voluntary contribution toward the minor's support. The defendant did not change his position in any way. By agreeing to a retroactive order, the defendant knew he would be facing a back support order.
No reasonable explanation was given as to why the plaintiff allowed so much time to elapse before obtaining a hearing date. During the three years, both parties were represented by counsel and both counsel indicated there was ongoing litigation.
The plaintiff never indicated she was going to withdraw her claim for child support whether it be in the nature of a monetary amount or a transfer of real estate. The plaintiff never relinquished her right to child support. She never did or said anything to cause the defendant to believe she was withdrawing her claim for child support.
The defendant knew of the whereabouts of his daughter and the plaintiff. Unfortunately, the defendant and the child have not communicated in three years.
The defendant is now faced with an order that by his agreement will go back to May 3, 1993.
This court finds no estoppel laches or waiver as a defense to the plaintiff s claim for child support.
In the fall of 1995, the minor child, Lisa, left high school and went to work. Although she could have worked on a full time basis, she chose to work part time, approximately 20 to 25 hours per week, according to her testimony. She further testified she earned approximately $80 to $120 per week.
The child support guidelines for the period prior to June 1, CT Page 3373 1994 call for a payment of $150 per week child support. The parties agreed and stipulated that there were 56 weeks from May 3, 1993 to June 1, 1994.
The child support guidelines after June 1, 1994 call for child support in the amount of $128 per week. From June 1, 1994 to September 1, 1995 there are 64 weeks.
Commencing in September 1995, the minor child dropped out of high school and went to work earning approximately $80 to $120 per week. The minor did not pay any room or board to the plaintiff. The child testified she saved some of her funds and used some of her earnings for her personal needs and some clothing.
The court is going to deviate from the child support guidelines figures of $128 per week for the period from September 1, 1995 to January 24, 1996 (when the minor turned 18 years), in view of the minor's dropping out of high school and going to work earning $80 to $120 per week. The court fixes support at $75 per week during this period which covers 19 weeks.
Had the defendant contributed something toward his child support, he would not now be faced with a large lump sum.
The plaintiff is asking for a substantial payment on the child support. However, had she pursued her claim in a more timely fashion, she would have been receiving child support payments on a regular, weekly basis.
ORDER
The court determines the child support due as follows:
 May 3, 1993 to June 1, 1994: $150 per week x 56 weeks = $8400 June 1, 1994 to September 1, 1994: $128 per week x 64 weeks = $8192 September 1, 1994 to January 24, 1996: $75 per week x 19 weeks = $1425
Total child support due: $18,017
The defendant shall pay to the plaintiff the sum of $18,017 at the rate of $100 per week commencing one week from date. CT Page 3374
In the event that the defendant sells the marital home located at 244 Seymour Avenue, Derby, Connecticut, any balance due and owing to the plaintiff, if any, shall be paid in full to the plaintiff from the net proceeds of the sale, after the payment of real estate commission, mortgage, usual closing costs, taxes and attorney's fees.
No interest is awarded.
No counsel fees are awarded to either party.